**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RHONDA JENNINGS**, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 2:24-cv-3358** |
| v. | : : | **JUDGE** |
| **SUN BEHAVIORAL HEALTH, INC.,** c/o The Corporation Trust Company Corporation Trust Center 1209 Orange St. Wilmington, DE 19801, | : : : : : | **MAGISTRATE JUDGE** <br><br>**JURY DEMAND ENDORSED HEREON** |
| Defendant. | : : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Rhonda Jennings ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint for Violations of the Fair Labor Standards Act and Ohio Law against Defendant SUN Behavioral Health, Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and OPPA will collectively be referred to herein as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.     JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, and Defendant conducted substantial business in the Southern District of Ohio.

**II.    PARTIES**

    **A.     Named Plaintiff**

4. Named Plaintiff is an individual, a United States citizen, and a resident of this judicial district.

5. Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant, as defined in the FLSA and the Ohio Acts, in the position of Mental Health Technician at its Columbus facility, located at 900 E Dublin Granville Rd, Columbus, OH 43229, from approximately 2021 to September 2022.

6. At all times relevant, Named Plaintiff primarily performed non-exempt duties, such as mental health services for Defendant's patients in Columbus, Ohio.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

8. Named Plaintiff also files a completed consent form for Romeo Nyadzi, attached

as **Exhibit B**.

      **B.**     <u>**Defendant**</u>

      9.     Defendant SUN Behavioral Health, Inc. is a foreign corporation authorized to do business in Ohio.

      10.     Defendant is a mental health services provider that partners with hospitals, doctors, schools, and social service agencies to solve unmet behavioral and mental health needs.

      11.     Defendant currently owns, operates, and manages a collection of treatment centers throughout the United States.

      12.     Defendant has registered numerous other entities to manage and operate its business activities, and all of these entities maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control. Defendant is a joint employer with and/or a single integrated enterprise of employees working at the various registered entities.

      13.     Specifically, Defendant serves as the "parent" entity for numerous other LLCs across the country, directing, managing, and controlling their business activities.

      14.     Defendant employed Named Plaintiff and other similarly situated employees at its facilities.

      15.     Defendant has the authority to hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

      16.     At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for the employees at Defendant's facilities.

      17.     At all relevant times, Defendant has had direct or indirect control and authority over

the employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

18. Defendant suffered or permitted Named Plaintiff and other similarly situated employees to perform work that resulted in missed and/or interrupted meal breaks even though it still deducted such time from employees' work hours.

19. Defendant's primary function is to own and operate a single group of treatment centers.

20. Defendant has substantial control over Named Plaintiff's and other similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

21. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all similarly situated employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment and calculation of wages as well as overtime, meal break deductions, and timekeeping.

22. Defendant is an "employer" as a single integrated enterprise and/or joint employer of Named Plaintiff and other similarly situated employees because it operates several treatment facilities with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

23. Because the work performed by Named Plaintiff and other similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant (in tandem with the specific, respective care facility at which the employee works/worked) is a joint employer of Named Plaintiff, Current Opt-In Plaintiffs, and other similarly situated direct care

employees under the FLSA's broad definition of "employer."

24. Defendant has gross revenue that exceeds $500,000.00 per year.

25. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

## III. FACTS

26. At all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt healthcare employees entitled to overtime.

27. Named Plaintiff and other similarly situated employees worked, or were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

28. During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendant required a 30-minute meal break deduction from their compensable hours worked even when Named Plaintiff and other similarly situated employees were unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes.

29. Specifically, Defendant required a 30-minute meal break deduction to Named Plaintiff's and other similarly situated employees' daily compensable hours worked.

30. Although Defendant applied the daily 30-minute meal break deduction, Named Plaintiff and other similarly situated employees were often unable to take a full, uninterrupted bona fide meal break of thirty (30) minutes or otherwise took a shortened meal break because their break was interrupted with substantive job duties.

31. Defendant's facilities were regularly understaffed and Named Plaintiff and other similarly situated employees were often too busy with work to take a full, 30-minute meal break.

32. Defendant did not maintain a legitimate and reasonable policy and/or practice whereby Named Plaintiff and other similarly situated employees could identify and report occasions when they did not have a bona fide meal break such that they would regularly receive credit (i.e., compensation) for those missed, shortened, and/or interrupted meal breaks.

33. Further, Defendant did not train or teach Named Plaintiff and other similarly situated employees on what constitutes a bona fide meal break.

34. Consequently, a daily 30-minute meal break was deducted from hourly healthcare employees' hours worked, regardless of whether Named Plaintiff and other similarly situated employees received a full, uninterrupted 30-minute bona fide meal break.

35. As a result of Defendant's companywide policy and/or practice requiring a 30-minute meal break deduction from its hourly, non-exempt healthcare employees' compensable hours worked for meal breaks, regardless of whether or not the meal break was actually taken at all or if the meal break was shortened/interrupted by substantive work duties, Defendant knew or should have known that it was not compensating Named Plaintiff and other similarly situated employees for all hours worked.

36. Defendant's failure to compensate Named Plaintiff and other similarly situated employees, as set forth above, resulted in unpaid overtime.

37. At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA and the Ohio Acts.

38. Defendant is and has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

39. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated employees to work more than forty (40) hours per workweek while not

compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, all of which resulted from Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated employees.

40. Defendant's failure to pay for the time described herein resulted in Named Plaintiff and similarly situated employees not being paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

41. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

42. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

43. Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt healthcare employees at its facilities, including Named Plaintiff.

44. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and other similarly situated employees is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

### IV.     FLSA COLLECTIVE ALLEGATIONS

45. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt healthcare employees of Defendant who had a meal break deduction applied to their hours worked in any workweek where they were paid for at least forty (40) hours of work, beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

46. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

47. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Named Plaintiff is representative of those other similarly situated healthcare employees and is acting on behalf of their interests as well as her own in bringing this action.

48. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

49. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members their overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. RULE 23 CLASS ALLEGATIONS

50. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action

on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt healthcare employees of Defendant who had a meal break deduction applied to their hours worked in any workweek where they were paid for at least forty (40) hours of work, beginning two (2) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

51. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their regular rates of pay for all hours worked in excess of forty (40) because of Defendant's policies and/or practices of requiring a meal break deduction to be taken even when its employees did not receive a full, uninterrupted meal break.

52. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

53. Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

54. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

55. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

56. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

57. Questions of law and fact are common to the Ohio Rule 23 Class.

58. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for Defendant with respect to its non-exempt employees.

59. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

60. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of the applied meal break deductions; (b) whether Defendant's violations of the Ohio Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

62. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be

impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.     CAUSES OF ACTION

**COUNT I:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

63.     All of the preceding paragraphs are realleged as if fully rewritten herein.

64.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

65.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

66.     During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

67.     Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

68.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's meal break deduction policies and/or practices described herein.

69.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

70.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

71. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

72. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under the Ohio Wage Act.

75. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

76. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

77. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek.

78. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the

wage protections of the Ohio Wage Act.

79. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

80. For Defendant's violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Class Members.

## COUNT III:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

83. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

84. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

85. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendant also violated the OPPA.

86. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

87. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

88. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

C. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule

23 Class any such other and further relief as the Court deems just and proper;

    I.    Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

    J.    Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
      agedling@mcoffmanlegal.com
      khendren@mcoffmanlegal.com
      takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman* _____
Matthew J.P. Coffman